UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REV. KARL HUGH CHILDS, | Case No. 10-10524 |
|       Plaintiff, | David M. Lawson |
| vs. | United States District Judge |
| GOVERNMENT OF CANADA, | Michael Hluchaniuk |
| CONSULATE GENERAL OF | United States Magistrate Judge |
| CANADA, HALINA ROZNAWSKI, | |
| Visa officer, and ROBERT NOBLE, | |
| Consul General, | |
|       Defendants. | |
|       _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 10)**

## I. PROCEDURAL HISTORY

On February 2, 2010, plaintiff filed a complaint in this Court against defendants, including the government of Canada, the Consulate General of Canada and various Canadian officials, claiming some sort of tortious interference with his right to enter Canada for his father-in-law's funeral and to visit his children. (Dkt. 1). District Judge David M. Lawson granted plaintiff's request to proceed *in forma pauperis* and referred this matter to the undersigned for all pretrial proceedings. (Dkt. 3, 4). On March 23, 2010, plaintiff filed certificates of service by certified mail on defendants on March 1, 2, 3, and 4, 2010. (Dkt. 6, 7, 8, 9). On April 9,

2010, plaintiff moved for default judgment[1] because none of the defendants filed an answer to the complaint within 21 days. (Dkt. 10).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for default judgment be **DENIED**.

## II. ANALYSIS AND CONCLUSIONS

According to Federal Rule of Civil Procedure 4(j), service of a foreign state or its subdivision must comply with 28 U.S.C. § 1608. Section 1608(a) addresses service, time to answer, and default concerning foreign states. 28 U.S.C. § 1608(a). The Foreign Sovereign Immunities Act ("FSIA") states that service must be made on a foreign state or political subdivision of a foreign state in one of the following ways: (1) by delivering a copy of the summons and complaint through a special arrangement between the plaintiff and the foreign defendant; (2) by delivering a copy of the summons and complaint as required by an applicable international convention on service of judicial documents, if there is no special agreement; (3) if service is not possible under the two methods stated above, by sending a copy of the summons and complaint with a notice of suit, in the foreign defendant's official

---

[1] A motion for default judgment is dispositive because it is "substantially similar to several of the listed motions" is 28 U.S.C. § 636(b)(1)(A). *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999). If a motion is dispositive, a magistrate judge may issue only proposed findings and recommended dispositions in response to that motion. *See* 28 U.S.C. § 636(b)(1)(B). Only a district court judge can issue a dispositive order. *Id.*

language, to the clerk of the foreign state by any form of mail requiring a signed receipt; or (4) if service is not possible within 30 days under the third method, by sending two copies of the summons, complaint, and notice of suit, in the foreign defendant's official language addressed to the clerk of the foreign state, to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services. 28 U.S.C. § 1608(a). Section 1608(e) further states that a United States court may not enter judgment by default against a foreign state, a political subdivision, an agency or an instrumentality of a foreign state, unless the court is satisfied that the plaintiff has a claim or right to relief based on the merits and evidence of the claim.

The undersigned suggests that plaintiff's motion for default judgment should be denied because there is no evidence in the record that service was effectuated on any of the defendants in compliance with § 1608. Second, even if the Court assumes that the method of service was proper, under § 1608(d), the defendants have 60 days from the date of service to file an answer or other responsive pleading, not 21 days as claimed by plaintiff. 28 U.S.C. § 1608(d). The 60 day period has not yet passed and thus, entry of default judgment is premature.

In addition, the undersigned recommends that the Court deny such request because no default was first entered by the clerk of the court as required by Rule 55. Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ.3d § 2682 ("Prior to

obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Hickman v. Burchett*, 2008 WL 926609, *1 (S.D. Ohio 2008) ("entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (internal quotation marks omitted, collecting cases). Thus, plaintiff's motion for default judgment is procedurally defective and should also be denied for this reason.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motion for entry of default judgment.

Date: April 23, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on April 23, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Karl Hugh Childs, 7815 Manor Circle, #102, Westland, MI 48185.

s/Tammy Hallwood
Case Manager
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7887
tammy_hallwood@mied.uscourts.gov