UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| REV. KARL HUGH CHILDS, | Case No. 10-10524 |
| Plaintiff, | David M. Lawson |
| vs. | United States District Judge |
| GOVERNMENT OF CANADA, | Michael Hluchaniuk |
| CONSULATE GENERAL OF CANADA, | United States Magistrate Judge |
| HALINA ROZNAWSKI, Visa Officer, | |
| and ROBERT NOBLE, Consul General, | |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTION TO DISMISS (Dkt. 12)**

**I. PROCEDURAL HISTORY**

On February 2, 2010, plaintiff filed a complaint in this Court against defendants, including the government of Canada, the Consulate General of Canada and various Canadian officials, claiming some sort of tortious interference with his right to enter Canada for his father-in-law's funeral and to visit his children. (Dkt. 1). District Judge David M. Lawson granted plaintiff's request to proceed *in forma pauperis* and referred this matter to the undersigned for all pretrial proceedings. (Dkt. 3, 4). On March 23, 2010, plaintiff filed certificates of service by certified mail on defendants on March 1, 2, 3, and 4, 2010. (Dkt. 6, 7, 8, 9). On April 9, 2010, plaintiff moved for default judgment because none of the defendants filed an

answer to the complaint within 21 days. (Dkt. 10). The undersigned recommended that plaintiff's motion be denied because service on defendants under Federal Rule of Civil Procedure 4(j) and 28 U.S.C. § 1608(a), the Foreign Sovereign Immunities Act (FSIA), appeared improper and because no default had been entered in accordance with Rule 55. (Dkt. 11). This recommendation was adopted by Judge Lawson on May 18, 2010. (Dkt. 16).

On May 3, 2010, defendants filed a motion to dismiss, based primarily under FSIA immunity and improper service of process under FSIA. (Dkt. 12). Plaintiff filed a response on May 26, 2010. (Dkt. 17). On June 10, 2010, defendants filed a reply. (Dkt. 18). On September 9, 2010, defendants filed a notice of recent authority, pointing the Court to a recent decision from the United States Supreme Court, *Samantar v. Yousuf*, — U.S. —, 130 S. Ct. 2278 (2010), which held that FSIA only applies to entities, not individuals, overruling the majority of authority from the federal circuit courts. Defendants conceded that Samantar relates to the FSIA defense raised on behalf of defendants Noble and Roznawski, but urged this Court to conclude that *Samantar* does not affect the numerous other independent grounds sufficient to warrant the dismissal of the complaint against all defendants. (Dkt. 23). On September 15, 2010, plaintiff filed a response to defendants' notice of authority and urged the Court to conclude that *Samantar* does not apply to this case at all because he filed his complaint before *Samantar* was issued by the

Supreme Court. (Dkt. 24).

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED**.

## II. ANALYSIS AND CONCLUSIONS

### A. Consular Immunity

Under 28 U.S.C. § 1351, "[t]he district court shall have original jurisdiction, exclusive of the courts of the States, of all civil actions and proceedings against (1) consuls or vice consuls of foreign states." Jurisdiction under § 1351 may be limited by treaty. *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1515 (9th Cir. 1987); *Johnson v. U.K. Government*, 608 F.Supp.2d 291, 295 (D. Conn. 2009) ("Jurisdiction under § 1351, however, may be limited by statute or treaty, such as the FSIA or the Vienna Convention."). The Vienna Convention on Consular Relations governs questions of consular immunity and, as such, limits jurisdiction under § 1351. *Gerritsen*, 819 F.2d at 1515. Under Article 43 of the Vienna Convention, consular officials are subject to the jurisdiction of the receiving state except "in respect of acts performed in the exercise of consular functions." *Politis v. Gavriil*, 2008 WL 4966914, *4 (S.D. Tex. 2008), quoting, 21 U.S.T. 104. Article 5 of the Vienna Convention defines the term "consular function" and Articles 5(a)-5(1) list twelve specific consular functions, including "issuing

passports and travel documents to nationals of the sending State" and "helping and assisting nationals, both individuals and bodies corporate, of the sending State." *Id*. Article 5(m), a "catch-all" provision, defines "consular function" to include "any other functions entrusted to a consular post by the sending State which are not prohibited by the laws and regulations of the receiving State." *Politis*, at *4, quoting, 21 U.S.T. 82-85. When consular officials are performing consular functions, they are immune from suit in the United States under the Vienna Convention. *See e.g.*, *Gerritsen*, 989 at 346 (9th Cir. 1993); *see also Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) (diplomats enjoy broad immunity pursuant to the Vienna Convention from civil and criminal process); 21 U.S.T. 77, Article 43 ("Consular officers and consular employees shall not be amenable to the jurisdiction of the judicial or administrative authorities of the receiving State in respect of acts performed in the exercise of consular functions."). As the head of the Canadian Consulate General in Detroit, there is no dispute that defendant Noble is a "consular officer" as defined in 21 U.S.T. 77, Article 1.1(d) and that defendant Roznawski, as Visa Officer, is a "consular employee" as defined in Article 1.1(e).

According to plaintiff's complaint, he applied for an application to travel to Canada in April 2009. (Dkt. 1). In September 2009, he was told to apply for a temporary visitor permit and for a criminal rehabilitation. Although it is not

entirely clear from plaintiff's complaint, apparently his requests to travel to Canada were denied. According to the documents attached to plaintiff's complaint, defendant Halina Roznawski, a Visa Officer, was involved in processing plaintiff's application. It is not clear from the complaint whether plaintiff contends that defendant Robert Noble, the Consul General, was personally involved in the processing of his application or whether he is suing Mr. Noble on some vicarious liability theory. Regardless, plaintiff's complaint against the two individuals presents a classic case of consular immunity under the Vienna Convention because plaintiff's claims all arise from the denial of permission to travel to Canada, plainly an exercise of a consular function. Thus, defendants Noble and Roznawski are immune and the complaint against them should be dismissed.

B.  FSIA Immunity[1]

Generally, a foreign state is immune from suit in the United States. *Republic of Iraq v. Beaty*, — U.S. —, 129 S.Ct. 2183, 2186 (2009). Under the FSIA, subject matter jurisdiction under § 1605, coupled with proper service of process under § 1608, establishes personal jurisdiction. 28 U.S.C. § 1330(b); *Alberti v. Empresa*

---

[1] Defendants concede that FSIA does not apply to the individual defendants, given the recent decision by the United States Supreme Court in *Samantar v. Yousuf*, — U.S. —, 130 S. Ct 2278 (2010), which held that FSIA only applies to entities, not individuals, overruling the majority of authority from the federal circuit courts. Nothing in *Samantar*, however, changed the application of FSIA to the "Government of Canada" and the "Consulate General of Canada," both of which are entities or instrumentalities of a foreign government.

*Nicaraguense de la Carne*, 705 F.2d 250, 252-253 (7th Cir. 1983). The FSIA sets out several statutory exceptions to jurisdiction, involving the waiver of immunity, § 1605(a)(1), commercial activities occurring in the United States or causing a direct effect in this country, § 1605(a)(2), property expropriated in violation of international law, § 1605(a)(3), inherited, gift, or immovable property located in the United States, § 1605(a)(4), non-commercial torts occurring in the United States, § 1605(a)(5), and maritime liens, § 1605(b). The party claiming an exception to immunity bears the burden of production to demonstrate that an exception applies. *Keller v. Cent. Bank of Nigeria*, 277 F.3d 811, 815 (6th Cir. 2002). The party asserting immunity bears the ultimate burden of persuasion. *Id*. Here, plaintiff appears to claim that the tort exception to FSIA immunity is applicable and defendants claim that it is not.

According to defendants, the acts about which plaintiff complains fall into the "discretionary function" exception to the tortious act exception[2] and, therefore, sovereign immunity bars plaintiff's claims. The FSIA does not define "discretionary functions." *O'Bryan v. Holy See*, 556 F.3d 261, 383 (6th Cir. 2009). To interpret the FSIA's discretionary function exception, courts typically apply the

---

[2] 28 U.S.C. § 1605(a)(5)(A)-(B) provides that the tort exception does not apply to "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused," or "any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights ... ."

interpretation of the discretionary function exception of the Federal Tort Claims Act (FTCA), because "[n]ot only does the language of the FSIA discretionary function exception replicate that of the [FTCA], 28 U.S.C. § 2680(a), but the legislative history of the FSIA, in explaining section 1605(a)(5)(A), directs us to the FTCA." *O'Bryan*, 556 F.3d at 383-383, quoting, *Olsen v. Gov;t of Mexico*, 729 F.2d 641, 646 (9th Cir. 1984) (abrogated on other grounds by *Joseph v. Office of Consulate Gen. of Nig.*, 830 F.2d 1018, 1026 (1987). In determining whether particular conduct falls under the FTCA's, and in turn under the FSIA's, discretionary function exception, courts apply the two part *Berkovitz* test:

> The first inquiry is whether the challenged action involved an element of choice or judgment, for it is clear that the exception "will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." If choice or judgment is exercised, the second inquiry is whether that choice or judgment is of the type Congress intended to exclude from liability-that is, whether the choice or judgment was one involving social, economic or political policy.

*O'Bryan*, 556 F.3d at 384, quoting, *Berkovitz v. United States*, 486 U.S. 531, 536, (1988). The Supreme Court in *Berkovitz* explained the rationale behind the discretionary function exception:

> The basis for the discretionary function exception was Congress' desire to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. The exception, properly

> construed, therefore protects only governmental actions and decisions based on considerations of public policy.

*O'Bryan*, 556 F.3d at 384, quoting, *Berkovitz*, 486 U.S. at 536-37 (internal quotation marks and citation omitted).

Defendants' procession, investigation, and decision regarding plaintiff's application to travel in Canada is precisely the type of discretionary function that falls into the exception set forth in § 1605(a)(5)(A). Actions by the consulate relating to travel documents are within its discretionary function. *Alicog v. Kingdom of Saudi Arabia*, 860 F.Supp. 379, 382 (S.D. Tex. 1994) ("A primary reason for a consulate's existence is to handle travel documents of both its citizens and others. What governments do with a person's travel papers is an element effectuating policy and, as a result, is among the discretionary functions."); *see also*, *Politis v. Gavriil*, 2008 WL 4966914, *2 (S.D. Tex. 2008); *Risk v. Kingdom of Norway*, 707 F.Supp. 1159 (N.D. Cal. 1989); *Kline v. Kaneko*, 685 F.Supp. 386, 392 (S.D. N.Y. 1988) ("Enforcement of Mexico's immigration laws and the decision to expel [the plaintiff] from the country clearly are discretionary functions within the scope of defendant['s] official duties."). Thus, the undersigned concludes that plaintiff's claims fall within the discretionary function exception to the tort exception and the governmental defendants are entitled to sovereign

immunity pursuant to FSIA.[3]

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **GRANT** defendants' motion to dismiss the complaint.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

---

[3] Given the conclusions reached on immunity, the undersigned determines that the issue of whether service on defendants was sufficient need not be addressed.

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 13, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on October 13, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Benjamin K. Steffans and James S. Rosenfeld , and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Karl Hugh Childs, 7815 Manor Circle, #102, Westland, MI 48185.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov